JS 44 (Rev 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Marion Salamon, Margate, NJ 08402

**(b)** County of Residence of First Listed Plaintiff    Atlantic Cty, NJ
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Fernando I. Rivera, Esquire, Console Mattiacci Law, LLC
1525 Locust Street, 9th Floor, Philadelphia, PA 19102
215.545.7676

## DEFENDANTS

SKF USA, Inc., Lansdale, PA 19446

County of Residence of First Listed Defendant    Montgomery Cty, PA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U S Government Plaintiff

☐ 2   U S Government Defendant

☐ 3   Federal Question *(U.S. Government Not a Party)*

☒ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1   Original Proceeding
☐ 2   Removed from State Court
☐ 3   Remanded from Appellate Court
☐ 4   Reinstated or Reopened
☐ 5   Transferred from Another District *(specify)*
☐ 6   Multidistrict Litigation - Transfer
☐ 8   Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: 29
29 U.S.C. §621, et seq. ("ADEA"), 43 P.S. § 951, et seq. ("PHRA")

Brief description of cause:
Plaintiff brings this action against Defendant for age discrimination.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
In excess of $75,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE
01/22/2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG JUDGE _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Marion Salamon | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SKF USA, Inc. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  ( X )

| | | |
|---|---|---|
| 01/22/2021 | | Marion Salamon |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215.545.7676 | 215.754.4938 | rivera@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ Margate, NJ 08402 _____

Address of Defendant: _____ 890 Forty Foot Road, Lansdale, PA 19446 _____

Place of Accident, Incident or Transaction: _____ Lansdale, PA _____

---

*RELATED CASE, IF ANY:*

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  
Yes [ ]  No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  
Yes [ ]  No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  
Yes [ ]  No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  
Yes [ ]  No [X]

I certify that, to my knowledge, the within case [ ] is / [ ] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____ 1/22/2021 _____   _____   319009

*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [ ] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
   *(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*

1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability — Asbestos
9. [X] All other Diversity Cases
   *(Please specify):* _____ Employment Discrimination _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Fernando I. Rivera _____, counsel of record *or pro se plaintiff*, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[X] Relief other than monetary damages is sought.

DATE: _____ 1/22/2021 _____   _____   319009

*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5 2018)*

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **MARION SALAMON** | : | |
| Margate, NJ 08402 | : | **CIVIL ACTION NO.** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **SKF USA, INC.** | : | **JURY TRIAL DEMANDED** |
| 890 Forty Foot Road | : | |
| Lansdale, PA 19446 | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

## COMPLAINT

### I.  INTRODUCTION

Plaintiff, Marion Salamon, is a former employee of SKF USA Inc. ("Defendant"), who has been discriminated against by Defendant based upon his age (then 65). Despite Plaintiff's positive performance history, Plaintiff was terminated, without warning, after more than 11 years of loyal and dedicated service.

Plaintiff brings this action against Defendant under the Age Discrimination in Employment Act, as amended, 29 U.S.C. §621, *et seq.* ("ADEA"), and the Pennsylvania Human Relations Act, as amended 43 P.S. §951, *et seq.* ("PHRA"). Plaintiff seeks equitable relief and damages, including economic loss, compensatory damages, liquidated damages, attorneys' fees and costs, and all other relief this Court deems appropriate.

### II.  PARTIES

1.      Plaintiff, Marion Salamon, is a citizen of the State of New Jersey.

2.      At the time of his termination, Plaintiff was 65 years old.

3.     Defendant is a corporation and citizen of Pennsylvania corporation with a principal place of business located in Lansdale, Pennsylvania.

4.     Defendant is engaged in an industry affecting interstate commerce and regularly conducts business in the Commonwealth of Pennsylvania.

5.     At all times material hereto, Defendant employed more than 20 people, including more than 4 employees within the Commonwealth of Pennsylvania.

6.     At all times material hereto, Defendant acted by and through its authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

7.     At all times material hereto, Defendant acted as an "employer" within the meaning of the statutes which form the bases of this matter.

8.     At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the statutes which form the bases of this matter.

## III.    JURISDICTION AND VENUE

9.     The causes of action which form the bases of this matter arise under the ADEA and the PHRA.

10.     The District Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332(a), in that the Plaintiff is a citizen of New Jersey and Defendant is a citizen of Pennsylvania and the amount in controversy exceeds $75,000, exclusive of interest and costs, and 28 U.S.C. § 1331, in that Plaintiff has alleged violations of federal law.

11.     The District Court has jurisdiction over Count I (ADEA) pursuant to 28 U.S.C. § 1331 and § 1332.

2

12.     The District Court has jurisdiction over Count II (PHRA) pursuant to 28 U.S.C. § 1332 and § 1367.

13.     Venue is proper in this District Court under 28 U.S.C. § 1391(b).

14.     On or about January 24, 2019, Plaintiff filed a Complaint of Discrimination with the Pennsylvania Human Relations Commission ("PHRC") complaining of the acts of discrimination alleged herein. The Complaint was cross-filed with the Equal Employment Opportunity Commission ("EEOC"). Attached hereto, incorporated herein, and marked as Exhibit A is a true and correct copy of Plaintiff's Complaint of Discrimination (with personal identifying information redacted).

15.     More than 1 year has passed since Plaintiff filed his Complaint of Discrimination with the PHRC and EEOC.

16.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

**IV.     FACTUAL ALLEGATIONS**

17.     Plaintiff was hired by Defendant on or about January 15, 2007.

18.     At the time of Plaintiff's termination from Defendant on November 29, 2018, he had over 11 years of loyal and dedicated service at Defendant.

19.     Throughout his employment at Defendant, Plaintiff consistently performed his job in a highly competent manner and received positive feedback.

20.     At all relevant times, Plaintiff held the position of Key Account Manager.

3

21.     As Key Account Manager, Plaintiff reported to Michael Newman ("Newman") (45),[1] Director, Key Accounts-East. Newman reported to Larry Horton ("Horton") (48), Vice President, Original Equipment Manufacture Industrial Sales USA.

22.     Horton reported to Brian Weiss ("Weiss") (50), Vice President, Operations.

23.     Plaintiff was the oldest employee directly reporting to Newman.

24.     While reporting to Newman, Newman often referred to Plaintiff as "old school."

25.     Plaintiff understood Newman's comment to be discriminatory based on his age.

26.     Plaintiff was better qualified for the Key Account Manager position than his peers who directly reported to Newman.

27.     On November 29, 2018, without any notice or warning, in a meeting with Horton and Bart Bartholomew ("Bartholomew") (52), Vice President, People Operations, Defendant terminated Plaintiff's employment, effective November 30, 2018 (the "Termination Meeting").

28.     After the Termination Meeting, Plaintiff was immediately escorted from the premises.

29.     Prior to the Termination Meeting, Plaintiff had no indication that his job was in jeopardy.

30.     Defendant's stated reason for Plaintiff's termination was job elimination.

31.     During the Termination Meeting, Plaintiff asked why he was being terminated despite his strong sales numbers, which increased 12% from the previous year and while the business appeared to be growing.

32.     In response, Horton stated that Defendant was going to try a new approach.

---

[1] All ages herein are approximations.

4

33.     At the Termination Meeting, Defendant provided Plaintiff with a Separation Agreement and General Release, which included an "Employment Termination Program Disclosure."

34.     The Employment Termination Program Disclosure stated that the "Eligibility Factors" considered for selecting individuals for termination were based on "either … seniority, elimination of … job[,] or performance."

35.     Defendant terminated the following employees who were then reporting directly to Newman: Michael Sacks ("Sacks") (55), Key Account Manager; Todd Walters ("Walters") (61), Key Account Manager; and Plaintiff (65).

36.     Plaintiff had no documented disciplinary or performance issues throughout his employment at Defendant.

37.     Defendant did not offer Plaintiff a downgraded position or a position with reduced pay before terminating his employment.

38.     All 72 employees that Defendant retained in the Decisional Unit, defined as "[a]ll employees in the position of Account Manager," when Plaintiff was terminated, were younger than Plaintiff.

39.     All 12 employees that Defendant terminated in the Decisional Unit, when Plaintiff was terminated, were above the age of 50, including 5 over the age of 60.

40.     Defendant retained all 30 employees under the age of 50 in the Decisional Unit.

41.     As a result of his termination, Defendant assigned a portion of Plaintiff's job duties, including his largest customer account, to Scott Herrala ("Herrala") (52), Industry/Program Manager.

5

42.     Upon information and belief, Plaintiff's other accounts were reassigned to substantially younger employees.

43.     Plaintiff was more qualified to perform his job duties than Herrala and/or the younger employees who took over his accounts.

44.     Defendant's stated reasons for terminating Plaintiff's employment are pretext for age discrimination.

45.     Defendant had an Early Retirement Program and provided financial incentives for employees age 55 and above to leave the workforce.

46.     Defendant's Early Retirement Program targeted and paid only employees over the age of 55 to leave their employment at Defendant.

47.     The reduction in force that Defendant conducted on or about November 29, 2018, targeted older employees.

48.     As a direct and proximate result of the discriminatory conduct of Defendant, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

49.     Plaintiff's age was a motivating and/or determinative factor in Defendant's decision to terminate his employment.

50.     Defendant acted with malice and/or reckless indifference to Plaintiff's protected rights.

51.     The conduct of Defendant, as set forth herein, was willful under the circumstances and warrants the imposition of liquidated damages.

6

52.     No previous application has been made for the relief requested herein.

## COUNT I—VIOLATION OF THE ADEA

53.     Plaintiff incorporates herein by reference the above paragraphs as if set forth herein in their entirety.

54.     By committing the foregoing acts of discrimination against Plaintiff, Defendant has violated the ADEA.

55.     Defendant's violations of the ADEA were intentional and willful under the circumstances, warranting the imposition of liquidated damages.

56.     As a direct and proximate result of Defendant's violation of the ADEA, Plaintiff has suffered the injuries, damages and losses set forth herein.

57.     Plaintiff is entitled to all costs and attorneys' fees incurred as a result of the unlawful behavior complained of herein.

58.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts unless and until this Court grants the relief requested herein.

59.     No previous application has been made for the relief requested herein.

## COUNT II—VIOLATION OF THE PHRA

60.     Plaintiff incorporates herein by reference the above paragraphs as if set forth herein in their entirety.

61.     By committing the foregoing acts of discrimination against Plaintiff, Defendant violated the PHRA.

7

62.     As a direct and proximate result of Defendant's violation of the PHRA, Plaintiff has sustained the injuries, damages and losses set forth herein and has incurred attorneys' fees and costs.

63.     Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendant's discriminatory acts unless and until the Court grants the relief requested herein.

64.     No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendant's improper conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

(a)     declaring the acts and practices complained of herein to be in violation of the ADEA;

(b)     declaring the acts and practices complained of herein to be in violation of the PHRA;

(c)     enjoining and permanently restraining the violations alleged herein;

(d)     entering judgment against the Defendant and in favor of the Plaintiff in an amount to be determined;

(e)     awarding compensatory damages to make the Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct;

8

(f)      awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct;

(g)      awarding liquidated damages to Plaintiff;

(h)      awarding Plaintiff other such damages as are appropriate under the ADEA and the PHRA;

(i)      awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorneys' fees; and,

(j)       granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

**CONSOLE MATTIACCI LAW**

BY: *Fernando I. Rivera*
          KATHERINE C. OELTJEN, ESQ.
          FERNANDO I. RIVERA, ESQ.
          1525 Locust Street, 9th Floor
          Philadelphia, PA 19102
          (215) 545-7676

Dated: 1/22/2021                                    *Attorneys for Plaintiff*

9

# EXHIBIT A

COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

## COMPLAINT

| | | |
|---|---|---|
| COMPLAINANT: | : | |
| | : | |
| **MARION SALAMON** | : | Docket No. |
| | : | |
| v. | : | |
| | : | |
| RESPONDENT: | : | |
| | : | |
| **SKF USA INC.** | : | |

1. The Complainant herein is:

   Name:                    Marion Salamon

   Address:

2. The Respondent herein is:

   Name:                    SKF USA Inc.

   Address:                 890 Forty Foot Road
                            Lansdale, PA 19446

3. I, Marion Salamon, the Complainant herein, allege that I was subjected to unlawful

discrimination because of my age (65) as set forth below:

### Discrimination

#### A. I specifically allege:

[1]       I was hired by Respondent on or about January 15, 2007. I had more than

eleven (11) years of service at Respondent.

[2]     I consistently performed my job duties in a highly competent manner, and received positive feedback.

[3]     I last held the position of Key Account Manager.

[4]     I last reported to Michael Newman (45[1]), Director, Key Accounts – East. Newman reported to Larry Horton (48), Vice President, Original Equipment Manufacture Industrial Sales USA. Horton reported to Brian Weiss (50), Vice President, Operations.

[5]     In or about March 2016, Respondent failed to promote me to Director, Key Accounts – East. I was qualified for the position. I had no opportunity to apply for the position because the position was not posted. If the position had been posted, I would have applied for it. Instead of promoting me, Respondent promoted Newman (45).

[6]     I was more qualified than the substantially younger employee who was promoted to the Director, Key Accounts – East position instead of me.

[7]     Respondent provided no explanation for failing to promote me to the Director, Key Accounts – East position.

[8]     Respondent failed to promote me because of my age.

[9]     In or about March 2016, I began reporting to Newman (45) and indirectly reporting to Horton (48).

[10]     I was the oldest employee directly reporting to Newman (45), and one of the oldest employees indirectly reporting to Horton (48).

[11]     Newman (45) often referred to me as "old school." I understood the comment to be discriminatory based on my age.

[12]     At the time of my termination, the following employees were directly reporting to Newman (45): Michael Wixted (50), Key Account Manager; Robert Leimkuhler

---

[1] All ages herein are approximations.

(52), Key Account Manager; Michael Sacks (55), Key Account Manager; James Kidd (60), Key Account Manager; Todd Walters (61), Key Account Manager; and me (65), Key Account Manager. I am more qualified to perform all of these employees' positions.

[13]    On November 29, 2018, in a meeting with Horton (48) and Bart Bartholomew (52), Vice President, People Operations, Respondent terminated my employment, effective November 30, 2018. I was blindsided. Before the termination meeting, I had no indication that my job was in jeopardy. The stated reason for my termination was job elimination. I asked why I was being terminated; my numbers were strong, and had increased 12% from last year, and business was growing. Horton stated that Respondent was going to try a new approach. I was escorted out of the building.

[14]    The documents that I was given by Respondent stated the following under "Eligibility Factors": "This is an involuntary program. All persons being terminated on November 30, 2018 are selected for the program. You have been selected by [Respondent] to participate in the Program based on either your seniority, elimination of your job or performance."

[15]    Respondent's stated reasons for terminating my employment are pretext for age discrimination and/or statements made because of my age.

[16]    Respondent terminated my employment because of my age.

[17]    Respondent offered no explanation, including the selection criteria, as to why I was terminated and the younger employees were retained.

[18]    Respondent terminated the following employees who had been reporting to Newman: Sacks (55); Walters (61); and me (65).

[19]        Respondent assigned a portion of my job duties, including my significant customer account, to Scott Herrala (52), Industry / Program Manager.  I am more qualified to perform my job duties, and handle the significant customer account, than the substantially younger employee who was retained and assigned my job duties.

[20]        Respondent recently terminated the following older employees: Robert Defelice (72), Territory Sales Manager; Stephen Curtis (66), Manager Wind Energy; David Yarborough (63), Territory Sales Manager; Robert Cook (58), Territory Sales Manager; Christopher Morris (56), Manager; William Lowack (55), Territory Sales Manager.

[21]        I had no disciplinary or performance issues throughout my employment.

[22]        Respondent did not offer me a downgraded position or a position with reduced pay before terminating my employment.

[23]        All seventy-two (72) employees that Respondent retained in the Decisional Unit, defined as "[a]ll employees in the position of Account Manager," when I was terminated, are younger than I am.

[24]        All twelve (12) employees that Respondent terminated in the Decisional Unit, when I was terminated, are age fifty (50) and above, and five (5) are age sixty (60) and above.

[25]        Respondent retained all thirty (30) employees in the Decisional Unit, when I was terminated, under age fifty (50).

[26]        Respondent had an Early Retirement Program, and provided financial incentives for employees age fifty-five (55) and above to leave the workforce.  Respondent targets older, and not younger, employees and pays older, and not younger, employees to leave their employment at Respondent.

[27]     Respondent's conduct evidences a bias against older employees.

[28]     Respondent has failed to set forth any legitimate criteria to explain the disparate impact caused by this reduction in force.

[29]     **I bring this Complaint as a class and pattern and practice Complaint on behalf of myself and any and all current or former employees of Respondent who are age forty (40) and over, and who have been discriminated against based on age in connection with hiring, promotion, and termination decisions.**

**B.**  Based on the aforementioned, I allege that Respondent has discriminated against me because of my age (65), in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 623 *et seq.* ("ADEA"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA").

4.     The allegations in Paragraph 3 hereof constitute unlawful discriminatory practices in violation of:

<u>  X  </u>     **Pennsylvania Human Relations Act (Act of October 27, 1955, P.L. 744, as amended) Section 5 Subsection(s):  <u> (a) </u>**

____     Section 5.1 Subsection(s) _____

____     Section 5.2 Subsection(s) _____

____     Pennsylvania Fair Educational Opportunities Act (Act of July 17, 1961, P.L. 766, as amended) Section 4 Subsection(s) _____

5.     Other action based upon the aforesaid allegations has been instituted by the Complainant in any court or before any other commission within the Commonwealth of Pennsylvania as follows:

     __X__          **This charge will be referred to the EEOC for the purpose of dual**

**filing.**

6.      The Complainant prays that Respondent be required to:

   (a) Make the Complainant whole.

   (b) Eliminate all unlawful discriminatory practice(s) and procedure(s).

   (c) Remedy the discriminatory effect of past practice(s) and procedure(s).

   (d) Take further affirmative action necessary and appropriate to remedy the violation
       complained of herein.

   (e) Provide such further relief as the Commission deems necessary and appropriate.

## VERIFICATION

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.A. Section 4904, relating to unsworn falsification to authorities.

*1-24-2019*
_____
(Date Signed)

_____
(Signature)     Marion Salamon
                50 Allyssa Drive
                Media, PA 19063